# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES FRANKLIN LINER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 2:14-CV-8022-VEH** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

---

## MEMORANDUM OPINION

Petitioner James Franklin Liner ("Liner"), a federal inmate proceeding *pro se,* has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Having carefully considered Petitioner's motion, the filings in support thereof, the Government's response in opposition, the reply, and the record, the undersigned finds that no evidentiary hearing is required, that this action is due to be dismissed, and that judgment is due to be entered in favor of Respondent, the United States of America, and against Petitioner, James Franklin Liner. Further, the undersigned finds that Liner's Motion To Appoint Counsel (doc. 20) is due to be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 28, 2011, Liner was charged in a one-count indictment with "using a facility and means of interstate and foreign commerce, to wit: the internet and a cellular telephone, did knowingly attempt to induce an individual, known to the defendant as a female under the age of 15 years old, who had not obtained the age of 18 years, to engage in prostitution and sexual activity for which the defendant can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b)." (Doc. 6).

Attorney William H. Broome was initially appointed to represent Liner. (Doc. 8). On May 23, 2011, Attorney Mariellen Morrison, who had been retained by Liner to represent him, entered her appearance on his behalf. (Doc. 12). Attorney Broome was allowed to withdraw. (Doc. 13; docket entry dated 5/25/2011).

Attorney Morrison represented Liner during the trial of this case, at sentencing, and on direct appeal. He was allowed to proceed on appeal in forma pauperis. (Docket entry dated October 10, 2011). The Eleventh Circuit Court of Appeals affirmed Liner's conviction and sentence on February 6, 2013, in an

---

[1] All references to documents in this portion of the opinion are to documents filed in the related criminal case, 2:11-cr-116-VEH-JEO. All references to page numbers of documents filed with this court are to the pagination assigned by the court's electronic filing system.

unpublished opinion.[2]

The trial commenced on June 27, 2011. At the close of the Government's case, Liner, through counsel, moved for a judgment of acquittal. The court denied the motion. Attorney Morrison then called several defense witnesses. Liner, after instructions from the court regarding his rights, informed the court that he knowingly and voluntarily had decided not to testify. (Trial transcript, doc. 42). On June 30, 2011, the jury found Liner guilty. (Verdict, doc. 32).

Following the trial, Attorney Morrison filed a Motion for Acquittal (doc. 36) and a Motion for New Trial (doc. 38). The Government filed a response to both motions. (Docs. 43, 44). Attorney Morrison then filed a Motion for Leave To file [another] Motion for New Trial [out of time] (doc. 45), to which the Government responded (doc. 47). The court denied all three motions. (Doc. 50).

Attorney Morrison filed objections to the presentence investigation report ("PSR"). (Doc. 48). A sentencing hearing was conducted on October 20, 2011.

––––––––––––––

[2] On April 3, 2013, <u>after</u> the Eleventh Circuit's affirmance of Liner's conviction and sentence, but before the mandate issued, Attorney Morrison moved (before the Eleventh Circuit) to withdraw. That motion was granted on May 3, 2013. The defendant's motion for substitute counsel was denied by the Court of Appeals. He was, however, given an additional thirty days to file his petition for rehearing. On May 31, 2013, still before the mandate issued, Liner asked this court to appoint counsel to represent him on appeal. (Doc. 72). That motion was denied. (Doc. 73). The Court of Appeals decision was then issued as that court's mandate. (Doc. 74). Liner again asked this court to appoint counsel "for appeal." (Doc. 75). That motion was denied. (Docket entry dated June 19, 2013).

Liner was sentenced to, *inter alia*, 120 months custody.[3] (Doc. 55).

On appeal, Liner presented three arguments. The Circuit's unpublished

opinion rejecting those arguments is set out in its entirety below.

> James Liner appeals his conviction and sentence for attempting to induce an individual who had not obtained the age of 18 years to engage in unlawful sexual activity. Briefly stated, Liner argues that (1) the evidence was insufficient to support his conviction, (2) the district court erred in failing to impose a sanction for an alleged discovery violation by the government, and (3) the imposition of a ten year mandatory minimum sentence of imprisonment violates the Eighth Amendment.

> Sufficient evidence allowed the jury reasonably to infer that Liner used a facility --phone and internet --of interstate commerce and took a substantial step (including meeting with an intermediary and paying $100) toward the commission of the offense: no sex act was required. There was no discovery violation by the government: the pertinent information was not a criminal record and was not intended to be used by the government at trial; the district court did not abuse its discretion on sanctions. The ten-year mandatory minimum sentence did not violate the Eighth Amendment: sexual abuse of children is a serious societal problem. For background, *see United States v. Farley*, 607 F.3d 1294, 1343-45 (1Ith Cir. 2010).

> AFFIRMED.

(Doc. 74). Liner did not seek Supreme Court review.

## II. THE HABEAS PETITION[4]

On May 6, 2014, Liner filed the instant *pro se* motion to vacate, set aside, or

---

[3] The statutory mandatory minimum sentence.

[4] All references in this portion of the Memorandum Opinion to the record are to this habeas case, 2:14-cv-8022-VEH. All references to page numbers of documents filed with this court are to the pagination assigned by the court's electronic filing system.

correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). In support of his request for habeas relief, Liner alleges multiple claims of constitutionally ineffective counsel before the trial, during the trial, and on appeal. (*Id.*) On June 5, 2014, he filed a Memorandum of Law in support of his contentions. (Doc. 4). The Government filed a Response in opposition to Liner's motion, alleging it is due to be denied because Liner failed to show how Attorney Broome's or Attorney Morrison's performance was constitutionally deficient. (Doc. 4). On September 8, 2014, Liner filed a Reply in support of his motion. (Doc. 14).

### III. APPLICABLE STANDARDS

Collateral review is not a substitute for direct appeal; thus, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir.2004); *Hill v. United States,* 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete

miscarriage of justice.'" *Lynn v. United States,* 365 F.3d 1225, 1232 (11th

Cir.2004) (citations omitted).

Further, absent an intervening change in controlling law, issues raised and

considered on direct appeal cannot be relitigated through a Section 2255 petition.

*See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir.2000) ("Once a matter

has been decided adversely to a defendant on direct appeal it cannot be re-litigated

in a collateral attack under section 2255" (alteration, citation, and quotation marks

omitted)).

> A defendant can avoid a procedural bar only by establishing one of
> the two exceptions to the procedural default rule. Under the first exception,
> a defendant must show cause for not raising the claim of error on direct
> appeal *and* actual prejudice from the alleged error. Under the second
> exception, a court may allow a defendant to proceed with a § 2255 motion
> despite his failure to show cause for procedural default if " 'a constitutional
> violation has probably resulted in the conviction of one who is actually
> innocent.' "

*Id*. at 1234-35 (internal citations omitted). A meritorious claim of ineffective

assistance of counsel can constitute cause. *United States v. Nyhuis,* 211 F.3d at

1344.

To prevail under *Strickland* on a claim of ineffective assistance of trial

counsel, a petitioner must show that (1) counsel's performance was so deficient

that "counsel was not functioning as the 'counsel' guaranteed" by the Sixth

Amendment and (2) that counsel's performance prejudiced the defense to the extent that the defendant was deprived of a fair, reliable trial. *Strickland v. Washington*, 466 U.S. 668 at 687, 104 S. Ct. 2052 at 2064 (1984). A court need not conduct this analysis in a particular sequence, and a court need not address both prongs if a petitioner fails to make a required showing on one of them. *Id*. at 697, 104 S. Ct. at 2069.

Establishing deficient performance requires the petitioner to demonstrate that "'counsel's representation fell below an objective standard of reasonableness.'" *Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*). A court applies a strong presumption that counsel's representation fell within the wide range of reasonable professional conduct. *Id*. To show prejudice, a petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. (quoting *Strickland*). Claims of ineffective assistance of appellate counsel are evaluated under the same *Strickland* standards. *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (per curiam).

"Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992) (internal quotes omitted). In

7

addition, "the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir.1994). Rather, an attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064.

## IV. ANALYSIS[5]

As noted *supra*, Liner has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to § 2255. According to Liner, his counsel's constitutionally ineffective assistance entitles him to the relief afforded by 28 U.S.C. § 2255. He alleges that his counsel was constitutionally ineffective at the pretrial state ("Ground One"), at trial ("Ground Two") and on appeal ("Ground Three"). The court addresses each ground in turn below.

### GROUND ONE - INEFFECTIVE ASSISTANCE OF PRETRIAL COUNSEL

In this section of his petition, Liner states that (1) "Counsel failed to research the law and facts of movant's case"; (2) "Counsel failed to interview

---

[5] All references to document numbers in this portion of the court's opinion are to the pending habeas action, 4:14-cv-08003-VEH, unless otherwise noted. All references to page numbers of documents filed with this court are to the pagination assigned by the court's electronic filing system.

potential defense witnesses and government witnesses"; (3) "Counsel failed to file any substantive pretrial motions"; and (4) "Counsel failed to adequately communicate with movant".[6]

Having had the benefit of all the pleadings, and remembering the proceedings in this case, the court finds that Liner has failed to show constitutionally ineffective assistance by Attorney Broome or by Attorney Morrison. As to any alleged pretrial deficiencies by Attorney Broome, the court notes that Attorney Morrison sought and was granted a continuance to allow her to adequately prepare for trial. (*See* Motion To continue, doc. 14, and Order, doc. 15). Further, the court notes that Attorney Morrison filed a motion in limine (doc. 19) which was granted in part, and successfully opposed (doc. 27) the Government's motion in limine (doc. 21) (*see* docket entry dated 6/27/2011). Even assuming that any alleged deficiency set out in Ground One was shown and that such deficiency fell below the applicable standard, Liner has failed to show how that deficiency caused Liner prejudice. *Cf. Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052. The court finds that the claims in Ground One are due to be dismissed.

---

[6] Doc. 1 at 4.

<u>Ground Two - Ineffective Assistance of Trial Counsel</u>

In this section of his petition, Liner states that (1) "Counsel failed to call defense witnesses which were available to testify on behalf of movant"; (2) "Counsel failed to properly cross examine government witnesses and ask follow up questions"; (3) "Counsel failed to permit movant to testify on his own behalf at trial"; and (4) "Counsel failed to properly object to government evidence admitted at trial."[7]

Having had the benefit of all the pleadings, and remembering the proceedings in this case, the court finds that Liner has failed to show constitutionally ineffective assistance by Attorney Morrison. The court notes that Attorney Morrison sought and was granted a continuance to allow her to adequately prepare for trial. (*See* Motion To continue, doc. 14, and Order, doc. 15). Further, the court notes that Attorney Morrison filed a motion in limine (doc. 19), which was granted in part, successfully opposed (doc. 27) the Government's motion in limine (doc. 21) (*see* docket entry dated 6/27/2011), participated fully in jury selection and the charge conference, objected to various statements which the Government sought to elicit, appeared fully apprised at trial of the facts of the case, timely moved for judgment of acquittal, renewed that motion, and

---

[7] Doc. 1 at 5.

10

moved for a new trial, in addition to seeking appellate review. The court further

notes that Attorney Morrison called multiple witnesses after the Government

rested. Finally, the court itself advised Liner of his right to testify and Liner stated

that he was knowingly and voluntarily deciding not to testify. (*See* trial

transcript, doc. 42). Even assuming that any alleged deficiency set out in Ground

Two was shown and that such deficiency fell below the applicable standard, Liner

has failed to show how that deficiency caused Liner prejudice. *Cf. Strickland v.*

*Washington*, 466 U.S. 668, 104 S. Ct. 2052. The court finds that the claims in

Ground Two are due to be dismissed.

GROUND THREE
INEFFECTIVE ASSISTANCE OF SENTENCING AND APPELLATE COUNSEL

In this section of his petition, Liner states that (1) "Counsel failed to

adequately review, explain and discuss the Presentence Report ("'PSR') with

movant"; (2) "Counsel failed to file any substantive PSR objections"; (3) "Counsel

failed to file any presentencing pleadings such as a memorandum in mitigation of

sentence or motion for downward departure or variance"; (4) "Counsel failed to

argue at sentencing for any mitigation of movant's sentence"; (5) Counsel failed to

communicate with movant regarding the issues to be raised on appeal"; and (6)

Counsel failed to raise meritorious issues which were stronger than the issues

11

raised on appeal."[8]

Having had the benefit of all the pleadings, and remembering the proceedings, the court finds that Liner has failed to show constitutionally ineffective assistance by Attorney Morrison. The court notes that, at the sentencing hearing, the court inquired of Liner whether Attorney Morrison had gone over the PSR with Liner and Liner said that she had. The court also inquired of Liner whether he had any objections to the PSR and he said he did not. (Transcript, doc. 67). Further, an attorney is not required to file baseless objections. Attorney Morrison was not required to file a memorandum in mitigation. However, she did argue for mitigation. The sentence imposed was the statutory minimum. The statutory maximum was life imprisonment. Liner seems to assume that he was entitled to the statutory minimum. Finally, and most importantly, Liner has pointed to no authority (and the court is aware of none) that the undersigned could have legally imposed a sentence lower than the statutory minimum. Even assuming that any alleged deficiency at sentencing set out in Ground Three was shown and that such deficiency fell below the applicable standard, Liner has failed to show how that deficiency caused Liner prejudice. *Cf. Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052.  The court finds that the

---

[8] Doc. 1 at 7.

claims in Count Three as to constitutionally ineffective representation at sentencing are due to be dismissed.

As to Attorney Morrison's appellate performance, the court finds that Liner has failed to show constitutionally ineffective assistance by Attorney Morrison. Further, Liner has failed to specify what Attorney Morrison could have done differently that would have made a difference. *Cf. Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052. The court finds that the claims in Count Three as to appellate representation are due to be dismissed.

## V. NO HEARING IS NEEDED

A court must order a hearing to determine the issues and findings of fact "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255(b). Liner "is entitled to an evidentiary hearing on [his] claim of ineffective assistance [of counsel] if [he] alleges facts which, if proven, would entitle [him] to relief." *Ramirez v. United States*, 260 Fed. Appx. 185, 187 (11th Cir.2007) (unpublished). "A district court, however, need not conduct an evidentiary hearing if it can be conclusively determined from the record that there was no denial of effective assistance of counsel." (*Id.*)

Simply stated, the undersigned is not convinced that an evidentiary hearing

13

would either further the interests of justice or comport with the considerations of judicial economy. Indeed, no evidentiary hearing is required where, as here, a petitioner's claim is "affirmatively contradicted by the record," is otherwise capable of resolution based on the existing record, or is "patently frivolous" for some other reason. *See Aron v. United States,* 291 F.3d 708, 715 (11th Cir.2002); *Schultz v. Wainwright,* 701 F.2d 900, 901 (11th Cir.1983). Here, it is clear that Liner's contentions are unsupported by the record or without merit. "[M]erely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible" do not beget an entitlement to an evidentiary hearing. *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir.1991) (internal citations omitted); *see also Lynn v. United States,* 365 F.3d at 1239. As such, there is no need for an evidentiary hearing to be held in this case.

## VI. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned finds that no certificate of appealability ("COA") in this case should be granted. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues

a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483–84, 120 S.Ct. at 1603–1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were ' "adequate to deserve encouragement to proceed further." ' "); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." ' "). With respect to Liner's assertions of ineffective assistance of counsel, reasonable jurists could not debate whether his § 2255 motion to vacate should be resolved in a

15

different manner or that the Sixth Amendment issues presented are adequate to deserve encouragement to proceed further. Accordingly, Liner is not entitled to a certificate of appealability, and any motion for leave to appeal in forma pauperis is likewise due to be denied.

## VII. CONCLUSION

Based on the foregoing reasons, the undersigned is of the opinion that Liner's rights were not violated in this cause. Accordingly, by separate order his request to vacate, set aside or correct his sentence will be denied, without an evidentiary hearing, his motion to appoint counsel will be denied, this action will be dismissed, and judgment will be entered in favor of Respondent, the United States of America, and against Petitioner James Franklin Liner. Further, the undersigned is of the opinion that Petitioner is not entitled to issuance of a Certificate of Appealability and that any motion for leave to appeal in forma pauperis will likewise be denied.

**DONE** this the 1st day of December, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

16